UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER A. HILL, ) | CASE NO. 5:16CV290 |
| ) | |
| Plaintiff, ) | MAGISTRATE JUDGE |
| ) | GEORGE J. LIMBERT |
| v. ) | |
| ) | |
| ) | |
| ALLIANCE POLICE DEPARTMENT, ) | **MEMORANDUM OPINION & ORDER** |
| ET AL., ) | |
| ) | |
| Defendants. ) | |

Before the Court is an Amended Motion for Partial Summary Judgment filed by Plaintiff Christopher A. Hill ("Plaintiff") and a motion for summary judgment filed by Defendants Alliance Police Department, City of Alliance, Lieutenant Akenra X ("Defendant X")[1], Patrolman Kevin D. Brown ("Defendant Brown"), Patrolman Paul J. Vesco ("Defendant Vesco") (collectively "Defendants") and Patrolman William T. Johnson[2]. ECF Dkt. #s 38, 39.

For the following reasons, the Court GRANTS Defendants' motion for summary judgment (ECF Dkt. #39) and DENIES as MOOT Plaintiff's motion for partial summary judgment (ECF Dkt. #37) and his amended motion for partial summary judgment (ECF Dkt. #38). Consequently, Plaintiff's second amended complaint against all Defendants is dismissed in its entirety with prejudice.

---

[1] The Court notes that Plaintiff refers to this Defendant as "Defendant X, Akendra #0247" in his original and amended complaint, and as "Sgt. Akenra X #0247" in his motion for amended motion for partial summary judgment. ECF Dkt. #s 1, 5, 38. Defendants refer to this Defendant as "Lieutenant Akenra X" in their motion for summary judgment. ECF Dkt. #39. The Court refers to this Defendant as Defendant X in this Opinion.

[2] The Court notes that Defendants have included Patrolman William T. Johnson as a Defendant and have moved for summary judgment on his behalf. ECF Dkt. #39. However, Plaintiff has not sued Patrolman Johnson. ECF Dkt. #31.

**I.     FACTUAL AND PROCEDURAL HISTORY**

Plaintiff first filed suit in this Court on February 8, 2016 against Defendants APD, Defendant X, and the City of Alliance. ECF Dkt. #1. He alleged that on May 9, 2014 at 5:10 a.m., Defendant X of the APD was dispatched to the home of the victim, Plaintiff's girlfriend, regarding a domestic violence complaint. *Id*. at 3.  Plaintiff averred that his girlfriend told Defendant X that he had punched her in the face, shoved her to the floor and put a gun to her face threatening to kill her. *Id*. Plaintiff alleged that his girlfriend told Defendant X that she gained control of the gun and Plaintiff took off running out of the house. *Id*. at 3.  Plaintiff averred that his girlfriend showed Defendant X where the gun was and he retrieved it. *Id.*  Plaintiff alleged that Defendant X asked his girlfriend where she thought Plaintiff would be and she said he was likely going to Philadelphia, Pennsylvania or to their adult daughter's house as he had a key. *Id*.

Plaintiff further alleged in his complaint that Defendants Brown and Vesco went to his daughter's residence and they reported that they saw movement inside the house and heard coughing inside, although no one answered the door when they knocked. ECF Dkt. #1 at 4.  Plaintiff averred that Defendant X was relayed this information and then asked his girlfriend if her daughter was home and the girlfriend responded that her daughter was most likely at work but her children would be at home. *Id*. According to Plaintiff, Defendant X asked his girlfriend if she had a key to her daughter's home and when she responded that she did, they went to the daughter's home. *Id*. Plaintiff alleged that his girlfriend opened the door to her daughter's house and let Defendant X and the other officers inside and found Plaintiff sleeping in an attic bedroom. *Id*.

According to Plaintiff, the police arrested him and he was charged with felonious assault and having a weapon while under disability, to which he pleaded guilty "under duress." ECF Dkt. #1 at 4-5. Plaintiff alleged that Defendant X and the APD did not have an arrest warrant in order to arrest him and he had a legitimate expectation of privacy in his daughter's residence as he "partially resided at that address." *Id*. at 5.  He also averred that exigent circumstances did not exist for Defendants to enter the residence as there was no threat to a person's life or safety, escape was not imminent, and no evidence was going to be removed or destroyed. *Id*. at 5.  He further submitted that his

girlfriend did not reside at that residence and was not authorized to let the police in and his daughter did not give consent for the police to enter. *Id.*

In his complaint, Plaintiff alleged a violation of his Fourth Amendment Right to be free from unwarranted searches and seizures. ECF Dkt. #1 at 5-6. He also averred negligence on the part of the City of Alliance in failing to properly train Defendant X concerning invasion of privacy rights. *Id*. at 6. He further alleged that Defendant X and the APD traumatized his grandchildren by waking them at his daughter's house with guns drawn. *Id.* Plaintiff explained that he was not challenging his criminal conviction as his "sole contention is that Sgt. X and the City of Alliance invaded his privacy, and he should be compensated." *Id*. He demanded $100,000 from Defendant X, $100,000 for the City of Alliance, retraining of the APD in warrantless entries and arrests, and $50,000 in punitive damages from each of the two Defendants. *Id*. at 7.

On March 10, 2016, Plaintiff filed an amended complaint which included the same Defendants, but added allegations that the invasion of privacy by Defendant X and the Alliance Police Department caused him trauma and severe emotional distress. ECF Dkt. #5 at 6.

On May 16, 2016, Plaintiff filed a motion for the appointment of counsel. ECF Dkt. #21. On May 20, 2016, the parties consented to the undersigned's jurisdiction. ECF Dkt. #26.

On July 28, 2016, Plaintiff filed a second amended complaint in which he added Defendants Brown and Vesco to the instant 42 U.S.C. § 1983 civil rights action for violating his Fourth Amendment protection against unreasonable search and seizure and his right to privacy. ECF Dkt. #31. He also specified that he was suing Defendants X, Brown, and Vesco in their official and individual capacities. *Id*. at 8. He requested relief of $300,000.00 from Defendant X, $200,000.00 from Defendant Brown, $200,000.00 from Defendant Vesco, $100,000.00 from the APD, and $100,000.00 from the City of Alliance. *Id*. at 10. He also requested punitive damages and set the total amount of damages at $900,000.00 and requested that the APD be retrained in warrantless entries and arrests. *Id*.

On August 29, 2016, Plaintiff filed a motion for partial summary judgment. ECF Dkt. #37. On September 12, 2016, Plaintiff filed the instant amended motion for partial summary judgment. ECF Dkt. #38. In this motion, Plaintiff identified a number of facts that he asserted were undisputed

-3-

and he contended that no fact question remained for trial as to Defendants X, Brown, and Vesco's liabilities in their individual capacities for violating his Fourth and Fourteenth Amendment protections against unreasonable seizures and invasion or privacy. *Id*.

On October 11, 2016, Defendants filed an opposition to Plaintiff's amended motion for partial summary judgment combined with their own motion for summary judgment. ECF Dkt. #39. On November 7, 2016, Plaintiff filed a reply brief to Defendants' opposition to his motion for partial summary judgment combined with a response to Defendants' motion for summary judgment. ECF Dkt. #42. On November 14, 2016, Defendants filed a reply brief to Plaintiff's response to their motion for summary judgment. ECF Dkt. #43.

## II.  STANDARD OF REVIEW

Summary judgment should be granted "if the movant shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed.R.Civ.P. 56(c).

This Court must view evidence in the light most favorable to the non-moving party to determine whether a genuine issue of material fact exists. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); *CenTra, Inc. v. Estrin*, 538 F.3d 402, 412 (6th Cir.2008). A fact is "material" only if its resolution will affect the outcome of the lawsuit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Daugherty v. Sajar Plastics, Inc.*, 544 F.3d 696, 702 (6th Cir.2008). Determination of whether a factual issue is "genuine" requires consideration of the applicable evidentiary standards. Thus, in most civil cases, the Court will decide "whether reasonable jurors could find by a preponderance of the evidence that the [non-moving party] is entitled to a verdict." *Anderson*, 477 U.S. at 252.

Upon filing a motion for summary judgment, the moving party has the initial burden of establishing that there are no genuine issues of material fact as to an essential element of the nonmoving party's claim. *Moldowan v. City of Warren*, 578 F.3d 351, 374 (6th Cir.2009) (citation omitted); *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479–80 & n. 12 (6th Cir.1989). The moving party, however, is not required to file affidavits or other similar materials negating a claim on which its opponent bears the burden of proof, so long as the moving party relies upon the absence of the essential element in the pleadings, depositions, answers to interrogatories, and admissions on file. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

In response, if the moving party establishes the absence of a genuine issue of material fact, in order to defeat summary judgment, the non-moving party "may not rely merely on allegations or denials in its own pleading; rather, its response must – by affidavits or as otherwise provided in this rule—set out specific facts showing a genuine issue for trial." Fed.R.Civ.P. 56(e)(2); *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Alexander v. CareSource*, 576 F.3d 551, 558 (6th Cir.2009) (citation omitted). In this regard, "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment"; rather, "Rule 56 allocates that duty to the opponent of the motion, who is required to point out the evidence, albeit evidence that is already in the record, that creates an issue of fact." *Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369, 379–80 (6th Cir.2007) (citation omitted); *see also Tucker v. Tennessee*, 539 F.3d 526, 531 (6th Cir.2008)(citation omitted). Moreover, the non-moving party must show more than a scintilla of evidence to overcome summary judgment; it is not enough for the non-moving party to show that there is some metaphysical doubt as to material facts. *Matsushita Elec. Indus. Co.*, 475 U.S. at 586–87, 106 S.Ct. 1348; *see also Barr v. Lafon*, 538 F.3d 554, 574 (6th Cir.2008).

Accordingly, the ultimate inquiry is whether the record, as a whole, and upon viewing it in the light most favorable to the non-moving party, could lead a rational trier of fact to find in favor of the non-moving party. *Matsushita Elec. Indus. Co.*, 475 U.S. at 586–87, 106 S.Ct. 1348; *see also Anderson*, 477 U.S. at 252 ("The judge's inquiry, therefore, unavoidably asks whether reasonable jurors could find by a preponderance of the evidence that the [non-moving party] is entitled to a

verdict—whether there is [evidence] upon which a jury can properly proceed to find a verdict for the party producing it, upon whom the onus of proof is imposed." (emphasis in original) (internal quotations omitted)).

"If the defendant successfully demonstrates, after a reasonable period of discovery, that the plaintiff cannot produce sufficient evidence beyond the bare allegations of the complaint to support an essential element of his or her case, summary judgment is appropriate." *Combs v. Int'l Ins. Co.,* 354 F.3d 568, 576 (6th Cir.2004) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)).

### III. LAW AND ANALYSIS

In his amended motion for partial summary judgment, Plaintiff sets forth a number of facts that he asserts are undisputed. ECF Dkt. #38. He contends that Defendants X, Brown, and Vesco entered the residence of his adult daughter without a warrant, consent, or exigent circumstances, and deprived him of his right to protection against unreasonable seizure and invaded his privacy by entering the home and arresting him. *Id.* Defendants move for summary judgment as to all Defendants, noting that Plaintiff identifies only Defendants X, Brown and Vesco in their individual capacities in his motion and he does not include the APD or the City of Alliance. ECF Dkt. #39. Defendants allege that Defendants X, Brown, and Vesco did not violate Plaintiff's constitutional rights because exigent circumstances existed for entering the residence of Plaintiff's daughter without a warrant. ECF Dkt. #39 at 7-8. Defendants also assert that Defendants APD and City of Alliance are immune from suit and Defendants X, Brown and Vesco are alternatively entitled to qualified immunity. *Id*. at 7-12.

#### A. DEFENDANTS X, BROWN AND VESCO

"Every person who, under color of ... [state law], subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured." 42 U.S.C. § 1983. Here, Plaintiff alleges claims under the Fourth and Fourteenth Amendments of the United States Constitution for the deprivation of his right to protection from an unreasonable seizure and he asserts a violation of his privacy. ECF Dkt. #38,

-6-

The "'physical entry of the home is the chief evil against which the wording of the Fourth Amendment is directed.'" *Smith*, 821 F.3d at 709, *quoting Welsh v. Wisconsin*, 466 U.S. 740, 748, 104 S.Ct. 2091, 80 L.Ed.2d 732 (1984) (quoting *United States v. U.S. District Court*, 407 U.S. 297, 313, 92 S.Ct. 2125, 32 L.Ed.2d 752 (1972)).  Police entrance into a home is permissible under the Fourth Amendment "only where justified by a warrant, exigent circumstances, or valid consent." *Smith*, 821 F.3d at 709, citing *Payton v. New York*, 445 U.S. 573, 590, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980) (requiring a warrant in the absence of "exigent circumstances"); *Schneckloth v. Bustamonte*, 412 U.S. 218, 222, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973) (noting the validity of "a search authorized by consent.").

Here, the parties acknowledge that there was no warrant to enter the residence of Plaintiff's daughter. ECF Dkt. #38 at 2; ECF Dkt. #39 at 5, 7.  However, Plaintiff asserts that the police lacked consent to enter his daughter's home because his daughter was not home at that time and she had no knowledge of their presence and entrance and she gave no consent for them to enter her home.  ECF Dkt. #38 at 2, 4.  He also argues that his girlfriend, the mother of their adult daughter, did not have authority to consent for the police to enter their daughter's residence even though she, like him, had a key to the residence, as she did not reside at the address, but he "partially resided" there.  *Id.*

The Court notes that questions arise concerning Plaintiff's standing to assert alleged invasion of privacy and Fourth Amendment violations as to his arrest at his adult daughter's home.  An individual must have proper standing in order to raise a Fourth Amendment challenge. *Minnesota v. Olson*, 495 U.S. 91, 95–96, 110 S.Ct. 1684, 109 L.Ed.2d 85 (1990); *Rakas v. Illinois* 439 U.S. 128, 143, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978).  In order to have standing to raise such a challenge, an individual must have manifested a subjective expectation of privacy in the subject matter of the search. *Id.*  Second, society must be prepared to recognize that expectation of privacy as objectively reasonable. *Katz v. U.S.*, 389 U.S. 347, 352, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967).  A person's status as an overnight guest alone establishes a reasonable expectation of privacy in the invaded place. *Minnesota v. Olson*, 495 U.S. 91, 110 S.Ct. 1684, 109 L.Ed.2d 85 (1990).  However, an individual who is merely present with the consent of the householder does not. *Olson*, 525 U.S. at 90, citing *Rakas*, 439 U.S. 128.

Here, Plaintiff states that he has a key to his daughter's home, he went to his daughter's house after the domestic violence incident, and he was sleeping in the home at the time of the arrest. ECF Dkt. #42-3 at 1.  He also avers in his second amended complaint that he "partially resided" at his daughter's home.  ECF Dkt. #31 at 5.  However, beyond this allegation of partially residing at his daughter's home, Plaintiff provides the Court with no further evidence of such.  He attaches an affidavit from his daughter and she does not state that Plaintiff "partially resided" with her during the search and seizure in her home.  ECF Dkt. #38-2.  Further, Plaintiff attaches a very detailed affidavit from his girlfriend but it does not include any attestation that Plaintiff "partially resided" with their daughter and her children.  ECF Dkt. #42-2.  Plaintiff's girlfriend does state that the daughter had a live-in boyfriend during the time in question.  ECF Dkt. #42-2.  Plaintiff's status as merely a guest in the home of his daughter with her consent is insufficient to establish standing to raise issues of invasion of privacy and the Fourth Amendment regarding his arrest at her home.  Without an explanation of what "partially resided" at the house of his daughter means and no showing of evidence establishing that he resided there, standing to assert the rights that Plaintiff does in this case is doubtful.

The Court also questions whether Defendants X, Brown and Vesco violated the Fourth Amendment when Plaintiff's girlfriend, a third-party, opened the door for them to enter her daughter's home.  Third-party consent does not violate the Fourth Amendment if the party granting consent had actual authority or apparent authority in which to do so. *Smith*, 821 F.3d at 709, quoting *U.S. v. Kimber*, 395 Fed. App'x 237, 243-244 (6th Cir. 2010)(quoting *Illinois v. Rodriguez*, 497 U.S. 177, 188, 110 S.Ct. 2793, 111 L.Ed.2d 148 (1990).  Apparent authority exists if "the facts available to the officer[s] at the moment [would] warrant a man of reasonable caution in the belief that [there was] consent [from a] party [that] had authority over the premises...." *Id.*; *see also U.S. v. Morgan*, 435 F.3d 660, 663 (6th Cir. 2006) ("Apparent authority is judged by an objective standard.... [It exists] if the officers reasonably could conclude from the facts available that the third party had [actual] authority to consent to the search.") (quoting *United States v. Hunyady*, 409 F.3d 297, 303 (6th Cir.2005)).  The Fourth Amendment is not violated if the police rely in good faith on a third-

-8-

party's apparent authority to consent to the search. *U.S. v. Gillis*, 358 F.3d 386, 390, citing *Rodriguez*, 497 U.S. at 188-189.

In this case, Defendant X attested that Plaintiff's girlfriend told him that she had her own key to her daughter's home and she often watched her grandchildren at the home. ECF Dkt. #39-1 at 1. Plaintiff, however, attaches an affidavit of his girlfriend in which she attests that she did not tell Defendants that she watched her grandchildren at the home as she works during the time that they would be arriving home from school and one of the grandchildren was 15 years old and he watched the other children. Whether Plaintiff's girlfriend told Defendant X that she often babysat her grandchildren at her daughter's home does not negate whether Defendants X, Brown, and Vesco relied in good faith on her apparent authority to consent to the search for Plaintiff in her daughter's home.

In any event, the Court need not resolve the issues of standing or consent as Defendants do not assert either issue in their motion for summary judgment. Rather, they rely exclusively upon exigent circumstances to enter the daughter's home without a warrant or consent.

Police may enter a private residence where exigent circumstances exist, *i.e.*, where an especially serious and time-sensitive law enforcement need requires it. *See Payton*, 445 U.S. at 590, 100 S.Ct. 1371. When the government relies upon exigent circumstances to excuse entry into a home without a warrant, it bears the heavy burden of showing that such circumstances existed. *Welsh v. Wisconsin*, 466 U.S. 740, 750, 104 S.Ct. 2091, 80 L.Ed.2d 732 (1984). The Court finds that Defendants X, Brown, and Vesco have met this burden.

Defendant X indicated in his affidavit attached to the summary judgment motion that he, a lieutenant with the APD, responded to a police call regarding a domestic dispute at the home of Plaintiff's girlfriend. ECF Dkt. #39-1 at 1. Defendant X attested that when he arrived at the home, the front door was smashed and the residence was in disarray. *Id.* He stated that Plaintiff's girlfriend told him that Plaintiff had forced his way into their home while intoxicated and demanded her car keys, but when she refused to give them to him, he knocked her to the floor, pointed a gun in her face while holding her down, and screamed that he would kill her. *Id.* Defendant X further attested that Plaintiff's girlfriend told him that she hit Plaintiff and took the gun from him before he left in her car.

*Id.* He also attested that Plaintiff's girlfriend told him that Plaintiff had been convicted of murder. *Id*. Defendant X indicated that Plaintiff's girlfriend reported that Plaintiff was either on his way to Pennsylvania or to their adult daughter's house on Liberty Street as he had a key. *Id.*

Defendants Brown and Vesco attested in their affidavits that they knocked on the door of the home of Plaintiff's adult daughter where Plaintiff's girlfriend stated that he might be located. ECF Dkt. #s 39-2 at 1, 39-3 at 1. They indicated that they also identified themselves as police from the APD, but no one responded to their knocks. *Id*. They attested that they could see movement inside of the house and heard coughing, but no one came to the door. *Id*. Defendants Brown and Vesco stated that they thought that the situation was suspicious and they worried that residents of the home were not able to answer the door. *Id.*

Defendants X and Vesco further indicated in their affidavits that they spoke to one another about the situation and Defendant X asked Plaintiff's girlfriend if their daughter was at home and she stated that her daughter should be at work, but the grandchildren of Plaintiff's girlfriend and Plaintiff would be in the house alone. ECF Dkt. #s 39-1 at 1, 39-3 at 1. They both indicated that Plaintiff's girlfriend also stated that she was unsure as to whether her daughter kept firearms in the house. *Id*. Defendant Vesco told Defendant X that despite hearing someone coughing and seeing movement in the house, no one answered their knocks or requests to open the door. ECF Dkt. #39-3 at 1. Defendant X attested that he asked Plaintiff's girlfriend if she had a key to her daughter's house and she stated that she did because she was often at the house with her grandchildren after school. ECF Dkt. #39-1 at 1. Defendant X stated that he then drove Plaintiff's girlfriend to her daughter's home and she stayed in the car while he spoke with Defendants Brown and Vesco, and William Johnson, an APD Patrolman who was dispatched to the daughter's home. *Id*.; ECF Dkt. #39-4. Defendants X, Brown, and Vesco each stated in their affidavits that they discussed the situation and Defendant X agreed with Defendants Brown and Vesco's concerns about no one responding to their knocks and requests that someone open the door. ECF Dkt. #s 39-1, 39-2, 39-3. Each also indicated that they were concerned for the safety of the grandchildren inside of the daughter's house as they now knew, based upon their own observations and the report of Plaintiff's girlfriend, that Plaintiff had a prior murder conviction, he was intoxicated and just involved in a violent domestic dispute where he

-10-

pulled a gun and threatened his girlfriend and mother of at least one of his children, minor children were in the house where Plaintiff could be, no one was answering the door despite requests from the police and the police hearing coughing and observing movement inside the house, and they were unsure if Plaintiff had access to a firearm inside that house.  *Id*.

Defendants X, Brown, and Vesco also stated in their affidavits that Defendant X asked Plaintiff's girlfriend to use her key to open the door to her daughter's residence and she called out the names of her grandchildren and then she went back to stand on the sidewalk.  ECF Dkt. #39-1 at 1, 39-2 at 1, 39-3 at 1.  They stated that there was no response inside of the home and it was not until they began calling the children's names and identifying themselves as police that a teenage boy eventually came down the stairs and stated that Plaintiff was upstairs.  *Id.* at 2.  Defendants X, Brown, and Vesco indicated in their affidavits that they then entered the home, knowing that there were two other children still in the home with Plaintiff.  *Id*. They cleared the ground floor and Patrolman Johnson covered the basement stairs while they began climbing up the stairs.  *Id.* Defendants X, Brown, and Vesco stated that as they climbed the stairs, they were still yelling the grandchildren's names, but no one was responding.  *Id.*  Patrolman Johnson attested that he heard Defendants X, Brown, and Vesco yelling the children's names and the lack of response from them also concerned him.  ECF Dkt. #39-4 at 1.  Defendants X, Brown, and Vesco attested that they found the two remaining children in their bedrooms upstairs and found Plaintiff in his daughter's bedroom and took him into custody.  ECF Dkt. #s 39-1 at 2, 39-2 at 2, 39-3 at 3.

The Court finds that Plaintiff fails to raise genuine issues of material fact concerning exigent circumstances.  Plaintiff attaches the affidavit of his girlfriend to his reply/brief in opposition to Defendants' motion for summary judgment.  ECF Dkt. #42-2 at 1.  In her affidavit, Plaintiff's girlfriend states that she did not tell Defendant X that she babysat for her grandchildren and her oldest grandson is 15 years old and thus babysitting was not necessary.  ECF Dk. #42-2.  She also attested that she worked and leaves for work before her grandchildren even arrive home from school.  *Id*.  She further stated that she did not recall if Defendant X asked her if her daughter had firearms in the house and she would have answered that her daughter did not if asked.  *Id*.  Plaintiff's girlfriend also indicated that she did not tell Defendant X that her grandchildren were in the house

-11-

alone because she was not sure if her daughter was at work or if her live-in boyfriend was home. *Id*. She also attested that when they arrived at her daughter's home, she did not see her car there, which indicated to her that Plaintiff was not at their daughter's home. *Id*. at 2.

Even with these facts as now disputed by Plaintiff's girlfriend, the Court finds that they are not material facts. Defendants X, Brown and Vesco had troublesome material facts before them based upon their own observations and the facts reported by Plaintiff's girlfriend that she does not dispute. Those facts are that Plaintiff's girlfriend called 9-1-1 and reported that Plaintiff was intoxicated and had just knocked her, his girlfriend and mother of at least one of his children, to the ground, put a gun to her face, and threatened to shoot her. ECF Dkt. #s 39-1, 39-2, 39-3. The Sixth Circuit has found that a call to emergency services is highly relevant to the issue of exigency. *Smith*, 821 F.3d at 712, citing *Johnson v. City of Memphis*, 617 F.3d 864, 869–870 (6th Cir.2010). Plaintiff's girlfriend told Defendant X that Plaintiff had a prior murder conviction and took her car and could possibly be at their daughter's home with their grandchildren. ECF Dkt. #42-2. Exigent circumstances permit a warrantless entry into a home where "delay in the course of an investigation ... would gravely endanger [the officers'] lives or the lives of others"). *Smith*, 821 F.3d at 710, quoting *Warden, Md. Penitentiary v. Hayden*, 387 U.S. 294, 298–99, 87 S.Ct. 1642, 18 L.Ed.2d 782 (1967). A threat to the safety of a minor child within a home constitutes an exigent circumstance under at least some circumstances. *Smith*, 821 F.3d at 710, citing *cf. Brigham City v. Stuart*, 547 U.S. 398, 126 S.Ct. 1943, 164 L.Ed.2d 650 (2006) (holding that a warrantless police entry did not violate the Fourth Amendment where officers standing outside a house witnessed a fight between a juvenile and four adults inside). Defendants X, Brown and Vesco had repeatedly knocked on the door of the daughter's home and identified themselves and they received no response even though they saw movement in the house and heard coughing. ECF Dkt. #s 39-2, 39-3. Further, when the children's grandmother opened the door and called out to them, no one responded. ECF Dkt. #s 39-1, 39-2, 39-3. When officers entered the home and one of the grandchildren finally came down the stairs, the other grandchildren did not respond when their names were repeatedly called. *Id*. The Court finds that based upon these material facts, Defendants X, Brown and Vesco reasonably determined that

a need for immediate aid existed and thus their entry into the home of Plaintiff's daughter without a warrant did not violate the Fourth Amendment or constitute an invasion of privacy of Plaintiff.

The Court therefore GRANTS summary judgment in favor of Defendants X, Brown and Vesco (ECF Dkt. #39) and DENIES Plaintiff's amended motion for summary judgment as MOOT (ECF Dkt. #38).  Plaintiff's claims against Defendants X, Brown and Vesco are dismissed with prejudice.

### B. DEFENDANTS AFD AND CITY OF ALLIANCE

Since the Court has found that Defendants X, Brown and Vesco did not commit a constitutional violation, Defendants APD and the City of Alliance cannot be held liable as a matter of law under § 1983 for any claim or theory of failure to train, supervise or implement any practice or procedure in this case.  A city cannot be held liable under § 1983 for police conduct that inflicts no constitutional injury.  *Peet v. City of Detroit*, 502 F.3d 557, 566 (6th Cir. 2007).  Moreover, as pointed out by Defendants, the APD is not sui juris and therefore cannot be sued § 1983.  A municipal police department is an administrative unit of a local government and as such is not sui juris because it lacks the power to sue, and cannot be sued absent positive statutory authority. *Elkins v. Summit County, Ohio*, No. 5:06-CV-3004, 2008 WL 622038, at *6 (N.D. Ohio, Mar. 5, 2008), unpublished, citing *Papp v. Snyder*, 81 F.Supp.2d 852, 857 n. 4 (N.D.Ohio 2000).

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants' motion for summary judgment and DISMISSES Plaintiff's second amended complaint against all Defendants in its entirety WITH PREJUDICE.  ECF Dkt. #39.  Consequently, Plaintiff's motion for partial summary judgment, amended motion for partial summary judgment, and his motion for the appointment of counsel are DENIED as MOOT.  ECF Dkt. #21, 37, 38.

IT IS SO ORDERED.

SIGNED AND ENTERED on this 10th day of January, 2017.

 */s/ George J. Limbert*
GEORGE J. LIMBERT
UNITED STATES MAGISTRATE JUDGE